**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **CASE NO. 1:12 CR 00131** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Demonte Thompson, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion under 28 U.S.C. §2255 to

Vacate, Set Aside, or Correct Sentence. (Doc. 195) For the following reasons, defendant's

motion is DENIED.

**FACTS**

On May 9, 2012, defendant was charged in a superceding indictment on the following

counts: conspiracy to commit and/or aiding and abetting Hobbs Act robbery (Count One),

committing Hobbs Act robbery or aiding and abetting Hobbs Act robbery (Count Two), use

and/or aiding and abetting the use of a firearm during a crime of violence (Count Three),

conspiracy to commit and/or aiding and abetting Hobbs Act robbery (Count Four), and use of a

firearm during a crime of violence (Count Five).

On June 29, 2012, pursuant to a plea agreement, defendant entered a plea of guilty to

Counts One and Three.  Counts Two, Four, and Five were dismissed.  On November 26, 2012,

defendant was sentenced to 96 months imprisonment on Count One and 84 months imprisonment

on Count Three, to be served consecutively.[1]  Defendant did not file a direct appeal of his

conviction and sentence.

On June 30, 2016, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside,

or Correct Sentence.  This Court denied this Motion on November 30, 2016.  Defendant did not

seek a certificate of appealability.

On September 5, 2018, defendant filed a second Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence.  This Motion was transferred to the Sixth Circuit for an

order authorizing a successive § 2255 motion, which the Sixth Circuit denied.

In July 2019, defendant filed a motion with the Sixth Circuit, again requesting an order

authorizing this Court to consider a successive § 2255 motion.  On February 12, 2020, the Sixth

Circuit granted this request.  Thereafter, defendant filed his third Motion under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence, which is now pending before the Court.  (Doc. 195)

**STANDARD OF REVIEW**

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his

---

[1]     The Honorable David D. Dowd, Jr. was the original sentencing judge.  On October 28, 2014, this Court was assigned to the case.

sentence on the ground that it was imposed in violation of the Constitution or laws of the United

States.  A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the

sentence was imposed in violation of the Constitution or the laws of the United States, or that the

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. §2255.  To

warrant relief under the statute because of constitutional error, the error must be one of

constitutional magnitude which had a substantial and injurious effect or influence on the

proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398

F.3d 855, 858 (6th Cir. 2005).

**DISCUSSION**

Defendant, through counsel, sets forth one claim for relief: Defendant's conviction under §

924(c) is void after *United States v. Davis*, 139 S.Ct. 2319 (2019).[2]  Specifically, defendant

argues that, under the plea agreement, the predicate offense for his § 924(c) conviction was

conspiracy to commit a Hobbs Act robbery.  Defendant argues that, under *Davis*, conspiracy to

commit a Hobbs Act robbery can no longer serve as a valid crime of violence to sustain a § 924(c)

conviction.

The Government argues defendant's § 2255 motion is without merit because the predicate

offense for defendant's § 924(c) conviction was an actual Hobbs Act robbery, not a conspiracy to

---

[2]    The Court notes the Sixth Circuit has recently joined the Fifth, Seventh, Tenth, and
      Eleventh Circuits and has concluded that *Davis* is retroactive to cases on collateral
      review.  *See In re Franklin*, 950 F.3d 909 (Mem) (6th Cir. 2020).

commit one.[3]  The Government maintains that Hobbs Act robberies remain valid crimes of violence under *Davis* and, therefore, *Davis* cannot provide defendant with a basis for habeas relief.  For the following reasons, the Court agrees.

§ 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal crime of violence.  A crime of violence for purposes of a § 924(c) conviction is defined in two subparts.  The first part, which is generally referred to as the "elements clause," defines a crime of violence as one that has "as an element, the use, attempted use, or threatened use of physical force against the person or property of another."  § 924(c)(3)(A).  The second part, which is referred to as the "residual clause," defines crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

In *Davis*, the United States Supreme Court held that § 924(c)(3)(B)'s residual clause defining a "crime of violence" is unconstitutionally vague.  Accordingly, any § 924(c) conviction where the predicate offense was a crime of violence under the residual clause is unconstitutional under *Davis*.  However, § 924(c) convictions where the predicate offense was a crime of violence under the elements clause remain valid.  *See United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) ("*Davis* leaves intact a separate definition of crime of violence supplied by the statute's 'elements clause.'")

---

[3]     The government also posits that defendant's claim is entirely foreclosed by the appellate waiver contained within his plea agreement.  Citing *Vowell v. United States*, 938 F.3d 260 (6th Cir. 2019), defendant maintains that because the issue raised is that his sentence is statutorily excessive, his appellate waiver is inapplicable.  Because the Court is rejecting defendant's claim on the merits, it need not reach the issue of waiver.

Relevant to here, the Sixth Circuit has concluded that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A).  *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018).  *See also United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017) ("Section 1951(b)(1) clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)").  While the Sixth Circuit has not directly addressed the crime of conspiracy to commit a Hobbs Act robbery, it has observed that such a conspiracy may qualify as a crime of violence under the now-invalidated residual clause of  § 924(c)(3)(B).  *See United States v. Ledbetter*, 929 F.3d 338, 360-361 (6th Cir. 2019) (noting that the parties agreed "that conspiracy to commit Hobbs Act robbery qualifies [as a crime of violence] only if it meets  § 924(c)(3)(B)'s residual definition").

Upon review, the Court finds that the predicate offense for defendant's § 924(c) conviction was Hobbs Act robbery.  As set forth above, defendant pled guilty to Counts One and Three of the superceding indictment.  Count Three, which is the  § 924(c) conviction at issue, plainly charges defendant with having used a firearm in the commission of a Hobbs Act robbery, not the conspiracy to commit one.  Indeed, the language of Count Three in the superceding indictment reads as follows:

> On or about January 6, 2011, in the Northern District of Ohio, Eastern Division, defendants, DEMONTE THOMPSON . . . during and in relation to a crime of violence which may be prosecuted in a court of the United States, to wit, *interference with commerce of means of robbery, as charged in Count 2 of the Indictment*, a violation of Title 18, Section 1951(a), United States Code, did knowingly use, carry, and brandish a firearm, and/or aid and abet one another to use, carry, and brandish a firearm, in violation of Title 18, Sections 924(c), and 2, United States Code.  (Emphasis added)

5

Count Two of the superceding indictment, which serves as the predicate offense for Count Three, reads as follows:

> On or about January 6, 2011, in the Northern District of Ohio, Eastern Division, defendants, DEMONTE THOMPSON . . . did unlawfully obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, *by robbery* as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendants, DEMONTE THOMPSON . . . did aid and abet one another to obtain monies in the custody, possession and presence of employees of the Radio Shack store located at 5672 Transportation Boulevard, Garfield Heights, Ohio, by means of actual and threatened force, violence, and fear of immediate injury to the employees and others, in that a firearm was displayed and brandished in the presence of said employees, demand money, and take money from the presence of the employees, in violation of Title 18, Sections 1951(a) and 2, United States Code. (Emphasis added)

At the change of plea hearing, the sentencing court, prior to taking defendant's plea, reviewed Counts One and Three of the indictment with defendant.[4] Defendant waived a reading of the counts and affirmed that he had "carefully read" Count Three. Defendant then pled guilty to Count Three. Accordingly, because Count Three specifically lists Count Two, a Hobbs Act robbery, as the predicate offense, defendant's conviction remains undisturbed by *Davis*.[5]

---

[4] The government alternatively argues that because defendant was convicted of aiding and abetting Hobbs Act robbery in Count 1, which is a valid crime of violence under *Davis*, the § 924(c) in Count Three should stand. However, the government then contradicts itself, chastising defendant for not identifying "the legal vehicle this Court should use to apply Count 3 to Count 1." Regardless, because the Court is finding that Count Three specifically lists Count Two, a Hobbs Act robbery, as the predicate offense, the charges contained within Count 1 are irrelevant to determining the validity of the § 924(c) conviction.

[5] While defendant was not convicted of Hobbs Act robbery, § 924 does not require that he be convicted of the predicate offense. *See U.S. v. Smith*, 182 F.3d 452, 457 (6th Cir. 1999) (observing that § 924(c) "requires only that the defendant have committed a violent crime for which he may be prosecuted in federal court. It does not even require that the crime be charged; a fortiori, it does not require that he be

Defendant argues that the "superceding indictment, as a charging document, carries no weight in determining what the crime of conviction is in this case." In support, defendant cites to the Sixth Circuit decisions of *United States v. Bernal-Aveja*, 414 F.3d 625 (6th Cir. 2005) and *United States v. Walls*, 781 Fed.Appx. 398 (6th Cir. 2019). However, defendant's reliance on *Bernal-Aveja* and *Walls* is misplaced. Both of these decisions concern the problem that arises when a sentencing court looks to an indictment for purposes of determining whether a prior conviction constitutes a crime of violence under USSG § 2L1.2 or a violent felony under the Armed Career Criminal Act. In both of these cases, the record indicated that the defendant plead guilty to a different offense than listed in the indictment. Here, however, the change of plea hearing unequivocally establishes that defendant plead guilty to Count Three of the superceding indictment. Count Three, the § 924(c) count to which defendant pleaded guilty, lists as the underlying crime of violence a Hobbs Act robbery.

Defendant maintains that the § 924(c) charge to which he plead guilty was conspiracy to commit Hobbs Act robbery, not Hobbs Act robbery. In support, defendant emphasizes the fact that the plea agreement, in listing the elements of the § 924(c) count, listed conspiracy to commit interference with commerce by robbery as an element to the offense. The sentencing court then read these elements to defendant during the change of plea hearing. It is unfortunate that the government failed to correctly list the elements of Count 3 within the plea agreement and that this portion of the plea agreement was then read to defendant during the plea colloquy. *See U.S. v. Moore*, 703 F.3d 562 (D.C. Cir. 2012)(finding a defendant's substantial rights were not affected where the sentencing judge misread an element of the charge against defendant during plea

_____

convicted.")

7

colloquy because the totality of the circumstances indicated defendant understood the nature of the charges against him).  However, under the facts presented here, it is clear defendant plead to a § 924(c) charge with a predicate offense of Hobbs Act robbery, not conspiracy.  Indeed, the factual basis contained within the plea agreement describes, in detail, separate individual robberies in which defendant brandished a firearm, including the January 6, 2011 robbery referenced in Count Two.  The factual stipulation set forth all the elements of the Count Two offense, which served as the predicate offense for Count Three.  During the change of plea hearing, defendant indicated that he carefully read the factual basis of his plea agreement, and agreed that the description of his criminal conduct was accurate.  Accordingly, defendant specifically admitted to brandishing a firearm during the overt act of robbery listed in Count 2, supporting his § 924(c) charge in Count 3.

Moreover, the plea agreement indicates defendant agreed to plead guilty to Count 3 of the indictment, which lists Count 2, a Hobbs Act robbery, as the predicate offense.  At the change of plea hearing, defendant unequivocally affirmed that he had carefully read Count 3 of the superceding indictment and proceeded to plead guilty to Count 3.  There was no qualification to this plea and no indication that he was not pleading to Count 3 as it was written.[6]  Based on the totality of the circumstances, it is a clear that defendant plead guilty to the § 924(c) charge in

---

[6]    The government also argues that defendant cannot show that Count 3 was amended to include conspiracy as the predicate offense under the doctrines of constructive amendment and variance.  However, as correctly pointed out by defendant, "both the constructive amendment and variance doctrines presuppose trial developments (e.g., presentation of the evidence, jury instructions) that drift from the indictment's moorings" and, therefore, are not generally applicable in the context of a guilty plea. *United States v. Yancy*, 725 F.3d 596, 602 (6th Cir. 2013).

Count 3 as it was listed in the superceding indictment.

For these reasons, *Davis* does not impact defendant's § 924(c) penalty and cannot provide defendant with a basis for habeas relief.

**CONCLUSION**

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 7/9/20